No. 594

BOWMAN v. RAPID TRANSIT LAND CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4964.  Decided March 28, 1924

480.  EVIDENCE—1. Where parol evidence is without objection admitted, to vary written instrument, party waives this error in not objecting and excepting.

2. Parol evidence held admissible under facts of this case, although contract was in writing.

3. A parol agreement equivalent to an inducement to a written contract held admissible.

SULLIVAN, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Louise Bowman filed an action in the Cuyahoga Common Pleas for equitable relief, praying for a statement of account between the parties hereto, and for a cancellation of four land contracts involving the purchase of lots in the villages of Euclid Heights and Idlewood. The land contracts entered into between the plaintiff and the Land Company were executed in April and June of 1920.  The plaintiff alleged in her petition that the defendant agreed to waive the payment of the monthly installments due after the down payment by plaintiff until the premises were re-sold by the Company at a profit to plaintiff.

The petition further alleged that the defendant failed and neglected to sell the premises, which sale was an inducement to plaintiff's purchasing the land. The Company denied any waiver of payment of monthly installments. A reply was filed by plaintiff denying that the written contract incorporated all the terms of the agreement and denying full performance by the defendant Company. The evidence was clear that such representations were made by the sales manager of the defendant company. No objection was made to the introduction of this oral testimony by the defendant. The written contract was also offered in evidence.

As plaintiff was refused the relief prayed for in the court below, an appeal was perfected. In entering a decree for plaintiff, the Court of Appeals held:

I. Where upon the trial of an issue evidence is submitted by the parties, without objection, to sustain their respective contentions, the defendant cannot thereafter raise the question that a certain instrument in writing signed by it and delivered to the plaintiff, embraced a contract between the parties and cannot be enlarged, contradicted or explained on parol.

2. To deny the admission of evidence in such a case would be to allow one of the parties to induce another to enter into the engagement under false representations and to aid him to enforce it against his adversary, notwithstanding the fraud practised upon him by holding out to him fraudulent inducement.

3. A parol agreement equivalent to an inducement for the execution of a written agreement is admissible in evidence. Decree for Bowman.

Attorneys—Stearns, Chamberlain & Royon, for Bowman; White, Cannon & Spieth, for Rapid Transit Land Co.; all of Cleveland.